# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| CYNTHIA R. ROBERTSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV409-067 |
| INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, | ) ) ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Contending that *pro se* plaintiff Cynthia Renee Robertson is unable to establish a prima facie case of employment discrimination under the Americans with Disabilities Act of 1990,[1] defendant International

---

[1] As the Eleventh Circuit recently explained:

The ADA prohibits discrimination against a disabled individual in regard to employment matters. 42 U.S.C. § 12112(a). In order to prove a prima facie case of employment discrimination under the ADA, the plaintiff must show that: "(1) she has a disability; (2) she is a qualified individual; and (3) she was subjected to unlawful discrimination because of her disability." *Morisky v. Broward County*, 80 F.3d 445, 447 (11th Cir. 1996). "A severe limitation that is short term and temporary is not evidence of a disability." *Garret v. Univ. of Ala. at Birmingham Bd. of Trs.*, 507 F.3d 1306, 1315 (11th Cir. 2007) (interpreting the definition of disability under the Rehabilitation Act); *see Allmond v. Akal Sec., Inc.*, 558 F.3d 1312, 1316 n. 3 (11th Cir. 2009) (holding that the Rehabilitation Act and the ADA apply the "same standards" and may be used "interchangeably"). An individual qualifies as disabled if she is "regarded as having [a disabling] impairment." 42 U.S.C. § 12102(3)(A).

Longshoremen's Association (ILA) moves under Fed. R. Civ. P. 56 for summary judgment against her.[2] Doc. 27. Robertson opposes. Doc. 28.

---

*Diaz v. Transatlantic Bank*, 2010 WL 653331 at * 4 (11th Cir. Feb. 4, 2010). "[H]IV infection qualifies as a disability under the ADA. *Rivera v. Hevman*, 157 F.3d 101, 103 (2d Cir.1998) ("HIV infection is a disability under the [ADA]" (citing *Bragdon v. Abbott*, 524 U.S. 624, 639-45, 118 S.Ct. 2196, 141 L.Ed.2d 540 (1998))). *See also Brown v. 820 River St., Inc.*, No. 1:08-CV-0130 (LEK/DRH), 2009 U.S. Dist. LEXIS 70370, at *3 n. 2, 2009 WL 2461080 (N.D.N.Y Aug. 10, 2009)." *Doe v. Deer Mountain Day Camp, Inc.*, ___ F.Supp.2d ___, 2010 WL 181373 at * 7 (S.D. N.Y. Jan. 13, 2010).

[2] Summary judgment

is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). We must view all evidence and make all reasonable inferences in favor of the nonmoving party in making this determination. But "[a] moving party is entitled to summary judgment if the nonmoving party has 'failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.' " *In re Walker*, 48 F.3d 1161, 1163 (11th Cir. 1995) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Moreover, the nonmoving party "may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). As the Supreme Court has explained: "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

*In re Delco Oil, Inc.*, ___ F.3d ___, 2010 WL 918058 at * 1 (11th Cir. Mar. 16, 2010) (cite omitted).

I. **ANALYSIS**

   A. **The ILA's Summary Judgment Motion**

Boiled down, Robertson complains that rumors about her being HIV-infected spread, and this caused the ILA to not "hire" her. Doc. 4 at 3-4 ("None of the hiring headers/supervisors wanted to hire me at the [union] hiring hall"); *see also* doc. 21 at 6 (her portion of the parties' Joint Status Report, under "summary of disputed facts[:] Slander, discrimination, and character defamation.").

The ILA has filed a Local Rule 56.1 Fact Statement. Doc. 27-1. It establishes that not one ILA agent had ever heard of the HIV rumor. Further, the ILA does not employ longshoremen (yet, the ILA does not argue that it is not subject to the ADA, doc. 27). Also, it had a grievance process which Robertson invoked, and in Grievance Committee Hearings the ILA found that she "had no credible witnesses and that there existed no credible grounds to entertain" her charges. Doc. 27-1 at 2-3.

Robertson, argues the ILA, simply lacked the seniority required to obtain the jobs she now claims she never got. *Id.* at 3-4. Nor did she make herself available on a consistent and regular basis in order to accrue

needed seniority. *Id.* at 4-5. The ILA thus chose others (over Robertson) for work based on seniority, and not for any other reason.

Here is Robertson's entire response to the ILA's summary judgment and Fact Statement filings:

> COMES NOW, I Cynthia Renee Robertson brings to the attention of the court that I object to all and any dismissal of the charges against local 1414 or Mr. Willie Seymour or exhibit and Affidavits or Attachments or Statements of Material Fact.

Doc. 28.

Robertson has simply failed to controvert the ILA's Rule 56.1 Statement by filing her own opposition Statement. And her summary judgment response brief is conclusory; she simply "objects" to the dismissal result the ILA seeks but fails to rebut its factual showing, or at least demonstrate that it is evidentially unsupported. Her filings thus amount to no response at all, and so she may be said to oppose *neither* the ILA's Statement nor its summary judgment motion. *See* Fed. R. Civ. P. 56(e)(2) (opposing party cannot rely on her pleadings but in fact must, by affidavits, etc., set out specific facts showing a genuine issue for trial); Local Rule 56.1 (guiding litigants to comply with Rule 56 by filing a fact statement in which "[a]ll material facts set forth in the statement

4

required to be served by the moving party will be deemed to be admitted *unless* controverted by a statement served by the opposing party.") (emphasis added); *id.* (the statement shall be a "separate, short, and concise statement of the material facts as to which it is contended there exists no genuine issue to be tried as well as any conclusions of law thereof. [And e]ach statement of material fact shall be supported by a citation to the record."); Local Rule 7.5 ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion.").[3]

---

[3] Plaintiff failed to controvert the ILA's statement of material facts by filing her own statement of material facts supported by evidence in the record. L.R. 56.1. Where a litigant fails to do so, the Court should "disregard or ignore evidence [she] relie[s] on -- but not cited in [her] response to the movant's statement of undisputed facts -- that yields facts contrary to those listed in the movant's statement." *Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008); *see also Cockrell v. Sparks*, 510 F.3d 1307, 1310 n.2 (11th Cir. 2007) (applying similar local rule in § 1983 action).

*Pro se* litigants, in that regard, are subject to the rules of the Court, *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989), so they are simply "not excused from the obligation to respond to a statement of material facts in the manner required by the rule." *Gillilan v. Broome*, 2010 WL 736894 at *3 n. 4 (S.D. Ga. March 1, 2010) (citing *MackMuhammad v. Cagle's Inc.*, No. CV408-11, 2010 WL 55912 at * 1 (M.D. Ga. Jan. 4, 2010); *United States v. Delbridge*, No. CV106-110, 2008 WL 1869867 at * 9 (M.D. Ga. Feb. 22, 2008); *King v. Publix Supermarkets, Inc.*, CV105-486, 2006 WL 2166729 at * 8 (N.D.Ga. July 28, 2006)); *see also Holtz v. Rokefeller & Co.*, 258 F.3d 62, 73 (2nd Cir. 2001) (cited by *Reese* and applying Rule to *pro se* plaintiff); *Cannady v. Automatic Data Processing, Inc.*, 2006 WL 3422424 at *1 (N.D. Ga. Nov. 28, 2006); *Glenn v. Copeland*, 2006 WL 1662921 at *3 (N.D. Fla. June 9, 2006). Because the ILA's Rule 56.1 Statement is supported by record evidence (affidavits, etc.), the facts it states are

5

Applying the ADA criteria set forth in note 1 *supra*, the ILA is entitled to summary judgment. Robertson has not established a prima facie case (the evidence is unrebutted that no one even knew of the *rumored* HIV status, so there can be no basis for showing that she was regarded as having an ADA-qualified disability when employment decisions were made). And even if she did, the ILA has shown legitimate (seniority-system-based) reasons for its actions, and Robertson has failed to rebut them.

**B. Motion To Amend**

Prior to the ILA's summary judgment motion, Robertson moved to amend her complaint to add a party. Doc. 24. Her motion states, in its entirety: "COMES NOW, CYNTHIA ROBERTSON, does hereby move the court by requesting the court to amend by adding my witness Mr. Harold Daniels to my case." Doc. 23. This motion is **DENIED** as unsupported by any factual and legal argument. *See* Fed. R. Civ. P. 7(b)(1)(B) (motions must "state with particularity the grounds for seeking the order"). For that matter, the motion is untimely. The Court's

---

therefore now established.

Scheduling Order, doc. 12, as amended, doc. 14, gave her until September 19, 2009 to file this motion, yet she did not file it until November 4, 2009. Doc. 23. She shows no good cause to amend that deadline. Fed. R. Civ. P. 16(b).

## II. CONCLUSION

Accordingly, plaintiff Cynthia Renee Robertson's motion to amend (doc. 24) is **DENIED**. Defendant International Longshoremen's Association's summary judgment motion (doc. 27) should be **GRANTED** and plaintiff's case should be **DISMISSED WITH PREJUDICE.**

**SO REPORTED AND RECOMMENDED** this <u>29th</u> day of March, 2010.

*/s/ Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA